Janelle J. Sahouria (SBN 253699)
Kevin P. Lee (SBN 296343)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Janelle.Sahouria@jacksonlewis.com
E-mail: Kevin.Lee@jacksonlewis.com

Attorneys for Defendant
ELI LILLY AND COMPANY

Brigitte Mills (SBN 281098)
Camron Dowlatshahi (SBN 308618)
MILLS SADAT DOWLAT LLP
333 South Hope Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 628-3856
E-mail: brie@msdlawyers.com
E-mail: camron@msdlawyers.com

Attorneys for Plaintiff
TANYA HOSSEINYOUN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA HOSSEINYOUN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY, an Indiana Corporation; JILL SCOTT, an individual; BRETT ROBERTS, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 3:24-cv-02809-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:      August 14, 2024<br>Time:     2:00 p.m.<br>Ctrm.:    D<br>Judge:    Hon. Joseph C. Spero<br><br>State Complaint Filed: April 9, 2024<br>Removal Filed: May 10, 2024<br>Trial Date: Not Set |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.      Jurisdiction & Service**

**Plaintiff:** Plaintiff does not contend jurisdiction.

**Defendant:** Defendant contends diversity jurisdiction exists since there is complete diversity and the amount in controversy exceeds $75,000.00. Defendant proposes 60 days for service of individual defendants so the matter can be efficiently litigated.

**2.      Facts**

**Plaintiff:** This is a disability discrimination and retaliation matter, along with claims of work environment harassment and failure to prevent harassment, discrimination, and retaliation. The action was filed in California Superior Court, County of San Francisco, on April 9, 2024. From April 18, 2022 to October 24, 2023, Plaintiff was an employee of Defendant.  In August 2023, Plaintiff was attending an in-person training in Indianapolis when she developed mastitis and requested to leave the training early.  Over the next several months, as Plaintiff required accommodations, including leave of a short duration, Defendant failed to accommodate her and ultimately retaliated against her by terminating her for supposedly falsifying completion of training modules.  On October 13, 2023,  Plaintiff completed numerous training modules and sent screenshots of the completed modules to Defendant Scott to confirm completion.  Nevertheless, Plaintiff was terminated on October 24, 2023.

**Defendant:**   Plaintiff's employment was terminated for falsifying training records. Plaintiff was required to complete numerous training modules by October 23, 2023.  On October 13, 2023, Plaintiff provided screenshots to Defendant showing she had completed 11 training modules within the span of one hour. Of the 11 training modules, three modules required at least one hour each to complete (a total of three hours), seven modules required at least 30 minutes each to complete (a total of three and a half hours), and the remaining module required at least 12 minutes to complete.

///

**3.    Legal Issues**

The causes of action are as follows:

1. Wrongful Termination in Violation of Public Policy;
2. Disability Discrimination in Violation of FEHA (Gov. Code § 12940(a));
3. Retaliation in Violation of FEHA (Gov. Code § 12940(h));
4. Retaliation in Violation of Labor Code § 1102.5;
5. Work Environment Harassment (Gov. Code §§ 129323 and 12940(j));
6. Failure to Prevent Harassment, Discrimination, and Retaliation (Gov. Code § 12940(k)).

**4.    Motions**

No prior or pending motions.

**5.    Amendment of Pleadings**

**Plaintiff:**  Plaintiff does not intend to amend her complaint at this time.

**Defendant:**  Defendant reserves the right to file an amended answer should Plaintiff file an amended pleading or if discovery uncovers further defenses or counterclaims.

**6.    Evidence Preservation**

The parties certify that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures**

The parties agree on August 30, 2024 for Rule 71 disclosures.

**8.    Discovery**

**Agreement:**  The Parties agree to follow the limitations on discovery set forth in the Federal Rules. The Parties have not conducted discovery to date, nor are they aware of any discovery disputes. The Parties expect the scope of discovery to be limited to Plaintiff's claims and Defendant's defenses.

///

**9.    Class Actions**

Inapplicable.

**10.    Related Cases**

No related cases.  This case was initially filed in state court, San Francisco Count, Case No. CGC-24-613809.

**11.    Relief**

**Plaintiff:** Plaintiff seeks lost earnings, emotional distress, punitive damages, and attorney's fees.

Plaintiff prays for judgment against Defendants jointly and severally as follows:

1. For general damages, special damages, and non-economic damages according to proof;

2. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct on appropriate legal causes of action;

3. For prejudgment interest;

4. For costs of suit, including attorneys' fees and expert witness fees; and

5. For such other relief as the Court deems just and proper.

**Defendant:**

Defendant prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed in its entirety, with prejudice;

2. That Plaintiff take nothing by her Complaint;

3. For an award of Defendant's reasonable attorneys' fees and costs;

4. For an award of Defendant's costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

**12.    Settlement and ADR**

**ADR:** The parties are still meeting and conferring regarding options for ADR.

**Plaintiff:** Plaintiff is amenable to private mediation.

**Defendant:** Defendant will conduct Plaintiff deposition and written discovery prior to any scheduled Settlement Conference or mediation.

///

**13. Other References**

Case is not suitable for binding arbitration, special master, or Judicial Panel.

**14. Narrowing of Issues**

Issues are currently narrow.

**15. Scheduling**

**Plaintiff:**

Initial ADR Session: 30-60 days

Designation of Experts: December 27, 2024

Discovery Cutoff: February 11, 2025

Hearing on Dispositive Motion: April 16, 2025

Pretrial Conference: May 29, 2025

Trial: July 8, 2025

**Defendant:**

Defendant proposes the following schedule:

Initial ADR Session: 120-180 days from Case Management Conference

Fact and Expert Discovery Cutoff: July 30, 2025

Designation of Experts: May 1, 2025

Hearing on Dispositive Motion: August 21, 2025

Pretrial Conference: September 24, 2025

Trial: November 3, 2025

**16. Trial**

**Plaintiff:** Plaintiff requests a 5-7 day jury trial.

**Defendant:** Defendant requests a 3-5 day bench trial.

**17. Disclosure of Non-party Interested Entities or Persons**

Defendants have filed the Certification of Interested Entities or Parties.

**18. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | | |
|---|---|---|
| Dated: August 9, 2024 | | JACKSON LEWIS P.C. |
| | By: | */s/ Janelle J. Sahouria* |
| | | Janelle J. Sahouria |
| | | Kevin P. Lee |
| | | Attorneys for Defendant |
| | | ELI LILLY AND COMPANY |
| | | |
| Dated: August 9, 2024 | | MILLS SADAT DOWLAT LLP |
| | By: | /s/ *Camron Dowlatshahi* |
| | | Camron Dowlatshahi |
| | | Attorneys for Plaintiff |
| | | TANYA HOUSSEINYOUN |

4892-2087-8039, v. 1